IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHARLES R. HICKS,

Petitioner,

vs.                                                         Civil Case No. 15-cv-462-DRH
                                                       Criminal Case No. 11-cr-30207-DRH

UNITED STATES OF AMERICA,

Respondent.

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

## I.   Introduction

This matter is before the Court on petitioner Charles R. Hicks' motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). In his § 2255 petition, Hicks brings an array of arguments seeking relief. He raises various issues alleging, ineffective assistance of counsel, and prosecutorial misconduct. The government filed its response in opposition of Hicks' § 2255 petition (Doc. 3). For the following reasons, petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is denied[1].

---

[1] Having examined the record, the Court concludes Hicks' claims do not warrant an evidentiary hearing. See *Galbraith v. United States*, 313 F.3d 1001, 1009 (7th Cir. 2002) ("for a hearing to be granted, the petition must be accompanied by a detailed and specific affidavit which shows that the petitioner [has] actual proof of the allegations going beyond mere unsupported assertions"); *Menzer v. United States*, 200 F.3d 1000, 1005 (7th Cir. 2000) (held that a hearing not required where the record conclusively demonstrates that defendant is not entitled to relief on § 2255 motion); *Cooper v. United States*, 378 F.3d 638, 641; see also Rules 4(b) and 8(a) of Rules Governing Section 2255 Proceedings).

## II. Background

On June 20, 2012, the grand jury returned a superseding indictment against Hicks for production of child pornography in violation of 18 U.S.C. § 2251(a) (Count 1); receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) (Count 2); and possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) (Count 3). *United States v. Hicks*, 11-cr-30207-DRH[2], (Doc. 30). Trial commenced as to these counts on March 11, 2013. On March 14, 2013, the jury found Hicks guilty on Counts 1, 2 and 3 of the superseding indictment (Cr. Docs. 96, 97, 98, & 99).

On April 14, 2014, the defendant and the government jointly filed an agreement regarding sentencing and waiver of appeal. (Cr. Doc. 126). In the agreement, the parties agreed that the calculations set forth in the PSR (Cr. Doc. 118) were correct. The agreement also laid out the terms between the parties in which the government agreed to recommend a sentence of not more than 180 months' imprisonment, supervised release of not more than 10 years, no fine, and restitution in the amount of $1,000 to be paid to Hicks' two identified victims. (Cr. Doc. 126). In exchange for the government's concessions, Hicks agreed to pay the restitution, withdraw his objections to the PSR, and "waive certain rights he may have to contest his conviction and sentence. . . ." *Id*. Specifically, Hicks, "knowingly and voluntarily waive[d] his right to contest any aspect of his

---

[2] Further reference to Hicks' criminal docket in this order will include "Cr. Doc." prior to the document number to differentiate from his civil habeas case filings.

conviction or sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law. . . ." with certain limited exceptions. *Id.*[3]

On April 25, 2014, the Court sentenced Hicks to 180 months on Counts 1, 180 months on Counts 2, and 120 months on Count 3, with all terms to run concurrently (Cr. Doc. 128). Hicks was also sentenced to a 10 year term of supervised release on each count, to run concurrently, and he was ordered to pay $500 in restitution to his victims in the "Vicky" and "J-Blonde" series, as well as a $300 special assessment (Cr. Doc. 128). Judgment reflecting the same was entered the same day (Cr. Doc. 130). Hicks did not attempt to appeal his conviction and sentence.

On April 27, 2015[4], Hicks filed a timely motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, in which he raises three arguments: (1) ineffective assistance of counsel on the part of Federal Public Defender Ethan Skaggs for failing to convey an offer from the government to him, (2) ineffective assistance of counsel on the part of defense attorney Justin Kuehn for withdrawing his objections and motions without consulting Hicks, and (3) prosecutorial misconduct for the actions of Agent Derek Davis and for failing to provide a copy of the search warrant to Hicks during the search of Hicks' residence. The Court shall address each argument in turn.

---

[3] Although the sentencing agreement, recognized by this Court, shows that Hicks knowingly and voluntarily waived his right to collaterally attack his sentence in all but a limited number of circumstances, the Court will briefly address Hicks' individual ineffective assistance of counsel and prosecutorial misconduct arguments. However, the Court still finds the waiver of right to file a post-conviction petition to be enforceable.

[4] The envelope in which Hick's 2255 petition was mailed indicates that the petition was actually mailed on April 23, 2015.

### III. Law

A prisoner may move to vacate, set aside or correct his sentence if he claims "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Section 2255 is an extraordinary remedy because it asks the district court "to reopen the criminal process to a person who has already had an opportunity for full process." *Almonacid v. United States,* 476 F.3d 518, 521 (7th Cir. 2007). Accordingly, relief under Section 2255 is "reserved for extraordinary situations," *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 633-34 (1993)), as a collateral attack pursuant to Section 2255 is not a substitute for a direct appeal. *Varela v. United States*, 481 F.3d 932, 935 (7th Cir. 2007)*.*

Unless a movant demonstrates changed circumstances in fact or law, he may not raise issues already decided or waived on direct appeal. *Olmstead v. United States,* 55 F.3d 316, 319 (7th Cir. 1995). A petitioner cannot raise constitutional issues that he could have, but did not directly appeal, unless he shows good cause for, and actual prejudice from, his failure to raise them on appeal, or unless failure to consider the claim would result in a fundamental miscarriage of justice. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Fountain v. United States*, 211 F.3d 429, 433 (7th Cir. 2000). Likewise, a Section 2255 motion cannot pursue

non-constitutional issues that were not raised on direct appeal regardless of cause and prejudice. *Lanier v. United States,* 220 F.3d 833, 842 (7th Cir. 2000). The only way such issues could be heard in the Section 2255 context is if the alleged error of law represents "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio,* 442 U.S. 178, 185 (1979).

Hicks raises three claims, two of which he purports to be claims of ineffective assistance of counsel. To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate (1) his attorney's performance "fell below an objective standard of reasonableness," and (2) "but for counsel's unprofessional errors the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To satisfy the first prong, "the Court must determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. To satisfy the second prong, a petitioner must demonstrate to a "reasonable probability" that without the unprofessional errors, "the result of the proceeding would have been different." *Id.* at 696.

A district court's analysis begins with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *United States v. Meyer*, 234 F.3d 319, 325 (7th Cir. 2000). Thus, a petitioner must overcome a heavy burden to prove that his attorney was constitutionally deficient. *Shell v. United States*, 448 F.3d 951, 955 (7th Cir. 2006). In order to establish

that counsel's performance was deficient, the defendant must show errors so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Atkins v. Zenk*, 667 F.3d 939, 944 (7th Cir. 2012). The Court now turns to Hicks' claims.

## IV. Argument

### a. *Claims 1: Petitioner's attorney (Skaggs) was ineffective for failing to relay to him an offer of 60 months' imprisonment allegedly made by the government.*

Hicks first alleges that Federal Public Defender Ethan Skaggs received an offer from the government in which the government agreed to recommend a sentence of not more than 60 months' imprisonment, however no such offer was conveyed to Hicks. He alleges that Skaggs never brought such an offer to his attention, and it was not until after Hicks' trial, while conferring with then counsel John D. Stobbs II that Hicks learned of the offer (Doc. 1, pg. 4).

Looking to Hicks' claims relating to ineffective assistance of counsel with regard to the pleading phase, the Court shall assess counsel's performance under the *Strickland* test. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985); *Strickland v. Washington*, 466 U.S. 668 (1984). Accordingly, to prevail on his claim of ineffective assistance of counsel during the plea negotiation stage, Hicks must show that: (1) his attorney's performance was objectively unreasonable, and (2) such performance prejudiced him. *Strickland*, 466 U.S. at 687-88. The Court evaluates "the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. To

reiterate the laws of this Circuit, the Court begins its analysis of an ineffective assistance of counsel claim with a "strong presumption that the defendant's attorney rendered adequate representation of his client." *Meyer*, 234 F.3d at 325.

In this case, the record clearly indicates that Assistant Public Defender Ethan Skaggs rendered adequate representation. In Skaggs's sworn declaration, he specifically states that "The Government did not tender an offer of 60 months of imprisonment, nor did the Government relate to me that they would only ask for 60 months of imprisonment if Mr. Hicks were to enter a guilty plea in this matter." (Doc. 3-2).

Moreover, attached to Skaggs' declaration is the only written plea offer made to Hicks, which was signed by Hicks, and clearly shows that there was absolutely no offer for 60 months' imprisonment (*Id*. at 3). In its written plea offer letter, the government specifically precluded any claims of alleged oral plea offers, "[o]nly written plea offers constitute valid plea offers from the Government," (*Id*.). Even more telling is the very next sentence of the letter, which stated, "[t]his is the *only* plea offer that has been extended to Mr. Hicks, and the offer expires if Mr. Hicks has not entered a plea of guilty before October 31, 2012." (*Id*.) (emphasis added).

Therefore, contrary to Hicks' assertions, Skaggs was not ineffective for failing to advise Hicks about a non-existent plea offer. Thus, given the strong presumption that Hicks' attorney rendered adequate representation of his client

under *Strickland*, and on the basis of the above, Hicks' first ground for relief, is denied.

### b. *Claims 2: Petitioner's attorney (Kuehn) was ineffective for failing to consult Hicks before withdrawing his "objections" to the government's motions as well as his own motions.*

Hicks next argues that his CJA appointed attorney, Justin Kuehn, who represented Hicks for pre-trial proceedings and during his trial, was ineffective because "he withdrew all our objections to the government's motions in the case as well as withdrawing all of our motions as well," and that he did so "without consulting me or even bringing them to my knowledge" (Doc. 1, pg. 9). However, upon review of the record, it is clear that Hicks is mistaken.

Mr. Kuehn responded to various motions filed by the government and presented arguments at an evidentiary hearing before this Court prior to Hicks' trial. Specifically, Kuehn filed responses to the government's motion for victims' rights (Cr. Doc. 62), each of the government's three motions *in limine* (Cr. Docs. 63-65), and Kuehn never withdrew any of his responses to said motions. Furthermore, Kuehn filed four motions *in limine* on behalf of Hicks, all of which were ruled upon by this Court after the government responded (Cr. Docs. 58-61). The Court also held an evidentiary hearing on the government's motion *in limine* pursuant to Fed. R. Evid. 412 before trial, in which Hicks, himself, was present, alongside Mr. Kuehn. The purpose of the hearing was actually for this Court to rule on the motion *in limine* (Doc. 54),and during that hearing, the Court heard argument on that motion, in addition to Kuehn's oral motion regarding the

government's usage of video as evidence pursuant to FEDERAL RULE OF EVIDENCE 403. The Court ruled on both motions at the hearing (Doc. 87).

As shown above, the record clearly rebuts Hicks' argument that Kuehn withdrew his objections and motions without consulting his client. Because Hicks has utterly failed show that his counsel's performance was objectively ineffective, Kuehn was not deficient for allegedly withdrawing all "objections to the government's motions in the case as well as withdrawing all of our motions…" without consulting Hicks (Doc. 1, pg. 9). There is absolutely nothing in the record to support Hicks' claim that Attorney Kuehn withdrew all of the motions he filed on behalf of Hicks, or that he withdrew all of the responses to the government's motions.[5]

Thus, it is clear that Hicks' ineffective assistance of counsel claim is meritless. Hicks' claim is not indicative of ineffective assistance of counsel, as Hicks presents no evidence that the outcome of the proceeding would have been different, or that he was prejudiced by the actions and advice from his attorney. All motions and responses filed remained on file and Hicks is simply mistaken. Accordingly, his second ground for relief fails.

> c. ***Claims 3: United States Secret Service Special Agent Derek Davis allegedly committed prosecutorial misconduct by threatening a possible defense witness to prevent him or her from helping the defense and because no search warrant was ever presented to Hicks.***

---

[5] The only concessions made on behalf of the petitioner dealt with the withdrawn objections to the PSR and the waiver of appeal rights in exchange for a lower recommended sentence from the government at sentencing (See Cr. Doc. 126). This agreement was signed by the petitioner and his attorney at the time of sentencing, John Stobbs II, not Justin Kuehn. It was also discussed on the record at Hicks' sentencing with Hicks, himself, to ensure that he understood the terms of the agreement (Cr. Doc. 133, pgs. 6-8).

Finally, Hicks argues prosecutorial misconduct based on allegations that United States Secret Service Special Agent Derek Davis allegedly committed prosecutorial misconduct by threatening a possible defense witness in order to prevent the witness from assisting the defense. Hicks also alleges that he was never presented with a search warrant at the time authorities arrived to search his residence, despite his many requests to review the warrant (Doc. 1, pg. 7). Here, Hicks' generalized allegations of prosecutorial misconduct are without merit and represent conclusions that are simply not supported by the record. Hicks offers no actual proof of the allegations going beyond mere unsupported assertions.

Moreover, Hicks has not shown cause for his failure to raise his prosecutorial misconduct claim on direct appeal. A § 2255 motion does not substitute for a direct appeal. A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *Sandoval v. United States*, 574 F.3d 847, 850 (7th Cir.2009). To the extent that Hicks advances this argument as a direct challenge to the search warrant, conduct of Agent Davis, and overall sufficiency of the evidence against him, he has waived these arguments by failing to present them on direct appeal.[6] *Lanier*, 220 F.3d at

---

[6] As mentioned previously, Hicks' agreement regarding sentencing included a waiver of appeal in which Hicks agreed to waive certain rights to contest his conviction and sentence (Cr. Doc. 126). This waiver included Hicks forgoing his right to appeal his sentence, as well as filing a collateral attack on his sentence. Obviously Hicks ignored this waiver and filed a collateral attack anyway. Therefore, in addition to the reasons listed above for Hicks' ineffective assistance of counsel and prosecutorial misconduct arguments failing, the sentencing agreement also bars Hicks' collateral attack on his sentence.

842 (A defendant cannot raise in a § 2255 motion nonconstitutional issues that he failed to raise on direct appeal regardless of cause and prejudice.) Both issues raised in Hicks' final ground for relief occurred before trial, meaning the claims were available at trial, sentencing, or on direct appeal. Hicks' failed to raise these issues at any time before now. Therefore Hicks is barred from said relief.

To the extent that Hicks advances this argument as an ineffective assistance of counsel claim, he also has no credible evidence, only unsupported allegations regarding the search warrant and the supposed conduct of Agent Davis, which are also inadequate to succeed on a Section 2255 motion. Nothing in the record supports Hicks' allegations. His entire argument rests on the bare assertions raised for the first time in his Section 2255 motion. The fact that counsel did not object to the agent's actions or to the search warrant, without more than Hicks' mere allegations, does not establish ineffective assistance of counsel under either prong of *Strickland*. See *United States v. Rezin*, 322 F.3d 443, 446 (7th Cir. 2003) ("A defendant's lawyer has no duty to make a frivolous argument."). Therefore, it is clear that Hicks' claim is meritless. Accordingly, Hicks' final claim for relief is denied.

In sum, Hicks has not presented a claim that warrants the relief he seeks. His Section 2255 motion is denied.

## V. Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant." A *habeas* petitioner does not have an absolute right to appeal a district court's denial of his *habeas* petition; he may appeal only those issues for which a certificate of appealability has been granted. *See Sandoval v. United States,* 574 F.3d 847, 852 (7th Cir. 2009). For a court to issue a certificate of appealability, a petitioner must make a "substantial showing of the denial of a constitutional right," meaning, "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)); 28 U.S.C. § 2253(c)(2).

As to Hicks' claims, the Court finds that reasonable jurists would not debate that the petition does not present a valid claim of ineffective assistance of counsel and the claims do not present evidence of constitutionally deficient attorney performance; nor do the claims demonstrate any resulting prejudice. Further, the Court finds that reasonable jurists could not differ on these conclusions. Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c) and, thus, **DENIES** a certificate of appealability.

### VI.  Conclusion

For the reasons set forth above, Hicks' motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence, is **DENIED** (Doc. 1) Thus, Hicks' claims are **DISMISSED with prejudice**. The Clerk is instructed to close the file

and enter judgment accordingly. Finally, the Court shall not issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed this 28th day of October, 2016.

Judge Herndon
2016.10.28
05:06:31 -05'00'

**United States District Judge**